N. MAXON TERRY et al., constituting the State Highway Department of the State of Delaware, and WILLIAM J. MILLER, JR., Director of Operations, Defendants-below Appellants,

*vs.*

DELAWARE POWER & LIGHT COMPANY, a Delaware corporation, Plaintiff-below Appellee.

*Supreme Court on Appeal, April 24, 1964.*

*S. Samuel Arsht* and *David A. Drexler*, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellants.

*David F. Anderson*, of Berl, Potter & Anderson, Wilmington, for appellee.

CAREY, Justice, STIFTEL, Judge, and SHORT, Vice-Chancellor, specially assigned, sitting.

CAREY, Justice.  The defendants below have appealed from a declaratory judgment of the Court of Chancery in New Castle County. The facts giving rise to the judgment are fully stated in the opinion of the Chancellor and will not be repeated here.  See *Delaware Power and Light Co. v. Terry, ante* p. 328, 194 *A.2d* 553.  We are satisfied that the Chancellor's decision was correct and it will be affirmed on the basis of his opinion.

Before us, appellants brought up an argument which we believe was not made in the Court below.  They suggest that, under the interpretation of the Chancellor, 26 *Del.C.* § 901 becomes a meaningless duplication of § 906 so far as it concerns the right to use public highways.

§ 901 was first enacted in 1913 several years after the original adoption of § 906.  In its original form § 901 conferred upon electric utilities, telegraph and telephone corporations the right to construct their lines across or under any canals or other waters with the consent of the owners; it included the power of condemnation.  27 *L.* of *D.Ch.* 189.  It was amended in 1923 to read substantially as it exists today. 33 *L.* of *D.Ch.* 106.

To the limited extent that it empowers electric utility corporations to use the public highways outside of municipalities, we agree that it appears to be a duplication of § 906, but we attach little significance to that fact.  The three types of corporations already had certain condemnation powers to obtain easements under and over canals and waterways; the Legislature wanted, in 1923, to extend those powers to

include easements on rural roads, and to recognize as compensable any burdens created upon abutting landowners even if they did not own the fee in the roadbed. The fact that it chose to accomplish that result by amending what is now § 901 rather than § 906 is of no importance.

The judgment of the Court below must be affirmed.